UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                                                       Case No. __10-11694___ -jtg

Kelly K. Coyle                                                                      Chapter __13__

                                                                                                  Hon. John T. Gregg

                  Debtor(s).
_____/

Kelly Coyle,

                  Plaintiff(s)                                                Adv. Pro. No. __22-80018__ -jtg

v.

Navient Solutions, LLC et al.

                  Defendant(s).
_____/

## REPORT PURSUANT TO FED. R. BANKR. P. 7026(f)

      Pursuant to Fed. R. Bankr. P. 7026(f), a conference was held on __May 2__, 20__22__. The following persons participated in the conference:

      Jason Burge      on behalf of Kelly Coyle      (the "Plaintiff(s)"); and
      Steven Cohen    on behalf of Navient Solutions, LLC at al.  (the "Defendant(s)").

      This report is being submitted pursuant to the Scheduling Order previously entered by the Court in the above-captioned adversary proceeding.

      (1)    Initial Disclosures Required by Fed. R. Bankr. P. 7026(a)(1).

            ☑    The parties will provide such by __June 30__, 20__22__; or

            ☐    The parties agree to provide the following at the times indicated:

      (2)    Discovery Plan. The parties jointly propose to the Court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

           (a)    Discovery will be needed on the following subjects:
Navient's collection practices and data retention (subject to the agreement below to use previously identified discovery), Coyle's student loan, and Navient's collection activity with respect to Coyle.

(b) All discovery commenced in time to be completed by September 15, 2022.

(c) Maximum of 10 interrogatories by each party to any other party. [Responses due 30 days after service if deviation from Fed. R. Bankr. P.]

(d) Maximum of 20 requests for admission by each party to any other party. [Responses due 30 days after service if deviation from Fed. R. Bankr. P.]

(e) Maximum of 2 depositions by Plaintiff(s) and 2 by defendant(s).

(f) Each deposition [other than of Kelly Coyle or Navient 30b6] is limited to maximum of 7 hours unless extended by agreement of the parties.

(g) Reports from retained experts under Fed. R. Bankr. P. 7026(a)(2) due:

  (i) from Plaintiff(s) by August 1, 2022

  (ii) from Defendant(s) by September 1, 2022.

(h) Supplementation under Fed. R. Bankr. P. 7026(e) due by the time FRCP Rule 26(a)(3) pre-trial disclosures are due.

(3) Electronically Stored Information.

Counsel for the Plaintiffs have previously conducted extensive discovery into Navient's databases, and intend to use similar data here.

(4) Claims of Privilege and/or Protection.

The parties agree to log responsive documents not produced on a privilege log.

(5) Other Agreed Upon Items. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

 (a) Plaintiff(s) should be allowed until July 15, 2022 to join additional parties and until July 15, 2022 to amend the pleadings.

 (b) Defendant(s) should be allowed until August 1, 2022 to join additional parties and until August 1, 2022 to amend the pleadings.

 (c) All potentially dispositive motions should be filed by November 30, 2022.

 (d) The proceeding should be ready for trial by January 15, 2023. The trial is expected to take approximately 5 trial days.

 (e) Jury Trial Matters.

  (i) [✔] a jury trial was not timely demanded and is waived; or

  [ ] a jury trial was timely demanded, but is waived; or

  [ ] a jury trial was timely demanded but not waived.

  (ii) [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

  [ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

 (f) The parties agree that:

  [✔] This is a core proceeding; or

  [ ] This is a non-core proceeding otherwise related to the bankruptcy case.

 (g) We consent to the entry of a final judgment by the bankruptcy court.

(6) Proportionality of Discovery.
The parties do not expect any issues regarding proportionality.

(7) Other Matters.

Counsel for the Plaintiffs have conducted extensive discoveyr applicable to this matter in the cases of Crocker v. Navient Solutions, Adv. Pro. No. 16-03175 (Bankr. S.D. Tex.); Homaidan v. Navient Solutions, Adv. Pro. No. 17-01085 (Bankr. E.D. N.Y.); Mazloom v. Navient Solutions, Adv. Pro. No. 20-80033-6 (Bankr. N.D. N.Y.); and Bolt v. Navient Solutions, Adv. Pro. No. 20-03040 (Bankr. Conn.) which the Parties will seek to use in this matter subject to a mutually agreeable protective

(8) Matters not agreed upon or insufficiently addressed by the foregoing.
None

Dated: May 3, 2022

/s/ Jason W. Burge, 30420

Fishman Haygood, LLP
201 St. Charles Ave., Ste. 4600
New Orleans, LA 70170

Telephone: 504-586-5252
Email: jburge@fishmanhaygood.c

Dated: May 3, 2022

/s/ Steven Cohen, P45140

Lipson Neilson, PC
3910 Telegraph Rd., Ste. 200
Bloomsfield Hills, MI 4832

Telephone: 248-593-5000
Email: scohen@lipsonneilson.com